IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| COLEEN ETSUKO TOM, et al., | ) | Civ. No. 10-00653 SOM-BMK |
|---|---|---|
| Plaintiffs, | ) ) | FINDINGS AND RECOMMENDATION THAT PLAINTIFFS' MOTION TO REMAND BE DENIED |
| vs. | ) ) ) | |
| GMAC MORTGAGE, LLC, et al., | ) ) | |
| Defendants. | ) ) | |

FINDINGS AND RECOMMENDATION THAT PLAINTIFFS'
MOTION TO REMAND BE DENIED

Before the Court is Plaintiffs Colleen E. Tom and Joycelyn W. Unciano's Motion to Remand to State Court (Doc. 25). The Court heard this Motion on January 24, 2011. After careful consideration of the Motion, the supporting and opposing memoranda, and the arguments of counsel, the Court finds and recommends that Plaintiffs' Motion be DENIED.

Plaintiffs argue that this case should be remanded because, after Defendants removed the case to federal court, Plaintiffs filed the Amended Complaint, which removed the sole federal claim in this case. Plaintiffs contend that the absence of their federal claim divests this Court of federal question jurisdiction and requires that this case be remanded to state court. As the Ninth Circuit has stated, however:

> This is of no moment to us, . . . for jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments. See Pfeiffer v. Hartford Fire Ins. Co., 929 F.2d 1484, 1488 (10th Cir.1991). Because of this rule, a plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based.

Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998).

"[W]hen removal, as in this case, is based on federal-question jurisdiction and all federal claims are eliminated from the lawsuit, 'it is generally within a district court's discretion either to retain jurisdiction to adjudicate the pendent state claims or to remand them to state court.'" Gilmore v. Bank of New York, No. 09-CV-0218-IEG (LSP), 2009 WL 2031736, at *2 (S.D. Cal. July 9, 2009) (quoting Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir.1991)). This discretionary decision "is dependent upon what 'will best accommodate the values of economy, convenience, fairness, and comity.'" Harrell, 934 F.2d at 205.

In this case, the various Defendants have filed two Motions to Dismiss and a Motion for Summary Judgment or to Dismiss, as well as a Joinder in one of the Motions to Dismiss. In essence, Defendants have fully briefed this case so that it may be entirely resolved on these Motions. If the Court were to remand this case, Defendants would need to refile each of their Motions in state court.

2

Requiring them to do so does not make judicial economic sense, would be less convenient for the parties, and would be unfair to Defendants. Therefore, in light of the several pending dispositive motions that have already been filed in this case, the Court concludes that "the values of economy, convenience, fairness, and comity" would best be served by retaining jurisdiction over this case, at least until the dispositive motions are resolved. See Harrell, 934 F.2d at 205. Accordingly, the Court finds and recommends that Plaintiffs' Motion to Remand to State Court be DENIED.

      DATED: Honolulu, Hawaii, January 31, 2011.

      IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: January 31, 2011

Tom, et al. v. GMAC Mortgage, LLC, et al., Civ. No. 10-00653 SOM-BMK; FINDINGS AND RECOMMENDATION THAT PLAINTIFFS' MOTION TO REMAND BE DENIED.