IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| COLEEN ETSUKO TOM; and JOYCELYN WANDA UNCIANO, | ) ) ) | CIV. NO. 10-00653 SOM/BMK |
|---|---|---|
| Plaintiffs, | ) ) | ORDER DENYING MOTION FOR RECONSIDERATION |
| vs. | ) ) | |
| GMAC MORTGAGE, LLC, et al., | ) ) | |
| Defendants. | ) ) | |

ORDER DENYING MOTION FOR RECONSIDERATION

I.   INTRODUCTION.

This case arises out of a mortgage loan transaction. Western Pacific Mortgage originally made a loan to Plaintiff Coleen Etsuko Tom and her husband. That loan was assigned to Washington Mutual Bank, FA., and then to Homecomings Financial Network, Inc., which subsequently became Homecomings Financial, LLC. Homecomings Financial assigned the loan to GMAC Mortgage, LLC.

Tom and Plaintiff Joycelyn Wanda Unciano claimed that GMAC (the current owner of the loan), Kristine Wilson (an employee of GMAC and Homecomings Financial), and David B. Rosen (GMAC's attorney), improperly instituted a nonjudicial foreclosure proceeding while a judicial foreclosure proceeding was pending. Noting that Homecomings Financial was the named plaintiff in the state-court foreclosure proceeding at the time

GMAC initiated the nonjudicial foreclosure proceeding, Plaintiffs assert that GMAC must not be the owner of the loan.

There is no dispute that, on June 15, 2011, the state court substituted GMAC as plaintiff in the judicial foreclosure proceeding. See ECF No. 75-2. That same minute order also appears to have granted summary judgment and an interlocutory decree of foreclosure in favor of GMAC. Id. On May 25, 2011, before entry of the state court's order granting summary judgment in favor of GMAC, this court dismissed the First Amended Complaint in this matter. See ECF No. 73.

On June 8, 2011, Plaintiffs moved for reconsideration of the dismissal of their First Amended Complaint. See ECF No. 74. Plaintiffs simply rehash the arguments previously made and demonstrate no reason for this court to reconsider its order. Accordingly, the motion for reconsideration is denied.

II.     ANALYSIS.

A "motion for reconsideration must accomplish two goals. First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Donaldson v. Liberty Mut. Ins. Co., 947 F. Supp. 429, 430 (D. Haw. 1996); accord Na Mamo O 'Aha 'Ino v. Galiher, 60 F. Supp. 2d 1058, 1059 (D. Haw. 1999) (citation

2

omitted). Only three grounds justify reconsideration: (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact in order to prevent manifest injustice. See Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003); Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1178-79 (9th Cir. 1998); Brown v. Chinen, 2011 WL 809062, *3 (D. Haw. Feb. 28. 2011). "Whether or not to grant reconsideration is committed to the sound discretion of the court." Navajo Nation, 331 F.3d at 1046.

    A.   Count II--Declaratory Judgment.

Plaintiffs' First Amended Complaint sought a declaratory judgment that the assignment of mortgage from Homecoming Financial to GMAC was invalid. This court dismissed that claim under Brillhart v. Excess Insurance Company of America, 316 U.S. 491, 494 (1942), declining to exercise jurisdiction over the claim because the validity of the assignment of mortgage was at the heart of the state-court judicial foreclosure proceeding.

Plaintiffs disagree that the validity of the assignment of the loan was a central issue in the state-court judicial foreclosure proceeding. That disagreement, by itself, does not justify reconsideration, especially when GMAC has been

3

substituted as the plaintiff in the state-court proceeding and appears to have been granted summary judgment and an interlocutory decree of foreclosure in that proceeding. See Mamea v. United States, 2011 WL 2160492, *4 (D. Haw. May 31, 2011) ("Mere disagreement with a previous order is an insufficient basis for reconsideration." (citation omitted)); Harrison v. United States, 2011 WL 1743738, *2 (D. Haw. May 6, 2011) ("Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision."). Plaintiffs' challenge to GMAC's right to enforce the loan documents should be or should have been made in the state-court action in which GMAC is now asserting those rights.

    B.    Count III--Section 480-2 claims.

Paragraph 66(a) of the First Amended Complaint alleges that Wilson committed an "unfair or deceptive act or practice" in violation of section 480-2 of the Hawaii Revised Statutes when she, as vice president of Homecomings Financial, executed the assignment of mortgage to GMAC while she was also a GMAC employee. This court dismissed that claim, reasoning that Wilson's alleged status as a Homecomings Financial vice president and a GMAC employee was, without more, insufficient to constitute an unfair or deceptive act or practice. Plaintiffs alleged

4

nothing more than a conclusion that Wilson's status in two different companies was unfair and deceptive. Without more factual detail, the claim was lacking. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted); accord Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

Plaintiffs seek reconsideration of the dismissal of Count III, contending that this court erred, but providing no support for that contention. In essence, Plaintiffs simply disagree with the court's analysis. That disagreement does not justify reconsideration of the order. See Mamea, 2011 WL 2160492, *4; Harrison, 2011 WL 1743738, *2. At best, Plaintiffs argue that Defendants have submitted documents indicating that Wilson was not holding positions in multiple companies at the same time. But that does not render actionable Plaintiffs' contention that Wilson violated section 480-2 by holding multiple positions in multiple companies. Reconsideration is not warranted under these circumstances.

C.  Count IV--Section 480D-3.

Plaintiffs seek reconsideration of the dismissal of their claim under section 480D-3(8) of the Hawaii Revised Statutes. That section prohibits debt collectors from "disclos[ing], publish[ing], or communicat[ing] any false and material information relating to the indebtedness." Plaintiffs based their section 480D-3(8) claim on the notice of nonjudicial

5

foreclosure. The court dismissed the claim, reasoning that it was not at all clear how that notice contained "false and material information relating to the indebtedness." On reconsideration, Plaintiffs argue that the notice contained false and material information because it was signed by Wilson. The fact that Wilson signed the notice does not, by itself, justify reconsideration, as it does not indicate "any false and material information relating to the indebtedness." Plaintiffs simply fail to allege facts to support this claim.

   D. <u>Count V--IIED.</u>

Count V asserts a claim for intentional infliction of emotional distress ("IIED") arising out of Defendants' assignment of the mortgage to GMAC and the initiation of nonjudicial foreclosure proceedings. The court dismissed the IIED claim, reasoning that the First Amended Complaint failed to allege sufficiently outrageous conduct. Plaintiffs' reconsideration motion simply disagrees with this court's reasoning. Again, Plaintiffs' disagreement, by itself, does not justify reconsideration. See <u>Mamea</u>, 2011 WL 2160492, *4; <u>Harrison</u>, 2011 WL 1743738, *2.

   E. <u>Counts VI and VII--Misrepresentation.</u>

Plaintiffs assert that GMAC and Wilson made a fraudulent or negligent misrepresentation when the assignment of mortgage to GMAC listed Homecomings Financial Network, Inc., as

6

the assignor, rather than its successor-in-interest, Homecomings Financial, LLC. Plaintiffs then assert that GMAC, Rosen, and Wilson made a fraudulent or negligent misrepresentation in the notice of intent to initiate the nonjudicial foreclosure proceeding because ownership of the loan was not properly transferred to GMAC. This court dismissed the misrepresentation claims, ruling that Plaintiffs had failed to allege facts supporting detrimental reliance on the false information.

Plaintiffs seek reconsideration of the dismissal of the misrepresentation claims, arguing that, because they filed a motion for temporary restraining order, they "detrimentally relied" on the alleged misrepresentations. This makes no sense, as the motion was filed in the course of this lawsuit, while the alleged misrepresentation allegedly predated this action. The First Amended Complaint alleges that "Plaintiffs Tom and Unciano actually relied on Defendants['] false representations and have suffered actual damages." See First Amended Complaint ¶ 86, ECF No. 26. The First Amended Complaint also alleges that "Plaintiffs Tom and Unciano individually relied upon Defendants['] false misrepresentations." Id. ¶ 91. These allegations are conclusions that provide no notice to Defendants of the underlying facts.

Even taking Plaintiffs' argument at face value because paragraphs 24 and 25 of the First Amended Complaint do mention

7

the temporary restraining order, Plaintiffs fail to adequately allege detrimental reliance.  The motion for temporary restraining order contested GMAC's right to enforce the loan, but the motion does not establish detrimental reliance on GMAC's statements.  To the contrary, Plaintiffs' challenge to those statements in court (assuming that is the purported detrimental reliance) defeats their misrepresentation claims because the challenge establishes a lack of reliance.

The court notes that, although Plaintiffs allege "false statements," there is a state-court conclusion that the statements were not false.  On June 15, 2011, the state court appears to have granted summary judgment and to have issued an interlocutory decree of foreclosure in favor of GMAC, indicating that, at least in the eyes of the state court, GMAC was properly assigned Tom's loan.  See ECF No. 75-2.

    F.    <u>Count IX--Civil Conspiracy.</u>

This court dismissed the civil conspiracy claim asserted in the First Amended Complaint because that claim was derivative of the other dismissed claims.  Plaintiffs seek reconsideration, arguing that, if the court reinstates any of their claims, their civil conspiracy claim should be reinstated as well.  Because no other claim has been reinstated, Plaintiffs' civil conspiracy claim remains dismissed.

III.     CONCLUSION.

For the foregoing reasons, the court denies Plaintiffs' motion for reconsideration.

In the order dismissing the First Amended Complaint, Plaintiffs were given leave to file a motion seeking leave to file a Second Amended Complaint no later than June 24, 2011. Plaintiffs did not do so. Because Plaintiffs may have been under the mistaken assumption that their reconsideration motion tolled that deadline, the court extends that deadline until July 25, 2011. If Plaintiffs file a motion seeking leave to file a Second Amended Complaint, they must attach the proposed Second Amended Complaint to their motion. They cannot incorporate by reference any allegations in this case or in the state-court proceeding, as any Second Amended Complaint must be a document complete in itself.

Plaintiffs are reminded that this court cannot sit as an appellate court over state-court decisions. That is, if summary judgment was granted in favor of GMAC, Plaintiffs may not challenge any part of that decision through claims asserted in this court. Plaintiffs may indicate in their motion that, but for the state court's summary judgment decision, they would assert certain claims, but they should not assert claims that are barred by the summary judgment decision entered in the state-court foreclosure proceedings. In other words, if the state court has decided that GMAC is entitled to foreclose on its loan,

Plaintiffs may not argue to this court that GMAC is not entitled to enforce the loan. Any such claim would be an attempt to have this court sit as an appellate court over the state-court decision.

If Plaintiffs fail to timely file a motion seeking leave to file a Second Amended Complaint, the Clerk of Court shall automatically enter judgment in favor of Defendants and close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 12, 2011.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Tom v. GMAC Mortgage, Civil No. 10-00653 SOM/BMK; ORDER DENYING MOTION FOR RECONSIDERATION.